## HADLEY *vs.* CARTER.

Where suit was brought against an individual for enticing away the servant of another, evidence of the declarations of the servant, at the time of leaving, was admitted, to show that he left of his own accord, and for reasons of his own ; the declarations made by him at the time of leaving being part of the *res gestæ.*

THIS was an action on the case, brought against the defendant for enticing away one Andrew Bryant, a hired man in the plaintiff's employ.

On the trial, the plaintiff proved that said Bryant was in his employ, as a hired laborer, under a contract to work for a year for a certain sum as wages, and that previous to the expiration of the year he left the employ of the plaintiff ; and the plaintiff offered evidence tending to show that said Bryant left through the advice and persuasion of the defendant.

For the purpose of enhancing the damages, the plaintiff offered in evidence his book of accounts, to show that said Bryant was indebted to him at the time he left, in a large sum—alleging that if Bryant had remained in his employ he should have received his pay by means of his labor; but the defendant objected to the admission of this evidence, and it was rejected by the court.

In order to show that said Bryant left the plaintiff's employ of his own accord and for reasons of his own, the defendant introduced the testimony of David E. Dow, a partner of the plaintiff in the wheelwright business at the time, who gave evidence that the day preceding the night on which Bryant left, Bryant came to him and said he was in trouble,—That prior to his entering the employ of the plaintiff he was in embarrassed circumstances and in the custody of a sheriff, who had a writ against him,—That for the purpose of relieving himself he forged a note against a man in Sandwich and put it into the plaintiff's hands as security, and that the plaintiff paid the debt against him,—That it was agreed that the plaintiff should keep the note in his own hands, and that he should go to work for the plaintiff and pay him,— That when he had worked enough, as he thought, to pay the amount, he asked for the note, but the plaintiff put him off,—That he had asked for it a number of times, but it was not given up, and that the plaintiff had told him he had written to the man in Sandwich, and the answer was that if he had such a note it was forged. The witness further testified that Bryant said at the same time, that a brother of the plaintiff was at enmity with him, and had threatened a prosecution, and that he expected service of it every hour— That he asked the witness' advice if he had not better go and see the plaintiff, who was then absent, and spoke of taking the stage—That in the evening, the witness told him the defendant, Carter, was going next day to Littleton, and if he must go he had better go with him—That the last

Bryant said, was that he had concluded to go with the defendant, and the next morning he was gone.

To the admission of this evidence the plaintiff objected ; but it was admitted, and the jury having returned a verdict for the defendant, the plaintiff moved for a new trial, because he was precluded from introducing the evidence aforesaid, to show that Bryant was indebted to him, and because the declarations of Bryant were admitted on the part of the defendant.

*Snell*, for the plaintiff.

*Wilson*, for the defendant.

UPHAM, J. On trial of this case the plaintiff offered his book of accounts, to show the indebtedness of the servant to the plaintiff, and the extent of the damage the plaintiff had sustained by the servant's leaving the plaintiff's employ prior to the expiration of his term of service, and while the plaintiff's claim against the servant remained unpaid. This evidence was rejected by the court. It was applicable merely to the extent of damage. The verdict of the jury has negatived any claim of damage, or cause of action against the defendant. The ruling is, therefore, immaterial, and could in no manner have prejudiced the plaintiff as to his general right of recovery.

The only question in the case which it becomes necessary to consider, is, whether the declarations made by the servant, at the time of his leaving the employ of the plaintiff, of the motives which governed him in leaving, are admissible as evidence.

The testimony of the witness as to mere declarations of the servant could not certainly be evidence ; for the servant himself should be produced, and proof of his sayings would be rejected on the general rule respecting hearsay evidence. There are, however, exceptions to the general rule. Where declarations of an individual are so connected with his acts

as to derive a degree of credit from such connection, independently of the declaration, the declaration becomes part of the transaction, and is admissible in evidence.

The evidence in such case is not regarded as mere hearsay testimony.  It does not rest upon the credit due to the declarant, but may be admitted even though the declarant in ordinary cases would not be believed upon his oath.  The testimony is admitted on the presumption, arising from experience, that when a man does an act, his cotemporary declaration accords with his real intention, unless there be some reason for misrepresenting such intention.  Its connection with the act gives the declaration greater importance than what is due to the mere assertion of a fact by a stranger, or a declaration by the party himself at another time.  It is part of the transaction, and may be given in evidence in the same manner as any other fact.

In this instance the servant, at the time of preparation for leaving, disclosed causes for such a design, of a character strongly implicating himself, and tending to negative entirely any suspicion of intentional misrepresentation of his true motive.  He communicated this design in connection with the fact of asking advice what course to pursue, and accompanied his declarations of the motive assigned, with the act of leaving.  The declaration then is so connected with the fact as to give character to it, and the fact carries with it, at the same time, in the declaration, evidence of the motive.

Where it is necessary, in the course of a cause, to inquire into the nature of a particular act, and the intention of the person who did the act, proof of what the person said at the time of doing it is admissible, to shew its true character. *Richardson's N. H. Justice* 164.

Where in cases of bankruptcy, the question is with what intent the party absented himself from his house, his declaration, cotemporary with the fact of departure, is evidence to explain that intention.  1 *Starkie's Ev.* 48.

On the same principle, in an action against a voluntary

bailee, for the loss of goods by carelessness and gross negligence, the defendant may give in evidence his own acts and declarations immediately before and after the loss, to repel the allegation that the loss was occasioned by his own neglect, carelessness, and mismanagement. *Tompkins* vs. *Saltmarsh*, 14 *Serg. & Rawle* 275. See also, *Pool* vs. *Bridges*, 4 *Pick.* 378 ; *Digby* vs. *Stedman*, 1 *Esp.* 329 ; *Aveson* vs. *Ld. Kinniard*, 6 *East* 193 ; *Price* vs. *Earl of Torrington*, 1 *Salk.* 285.

We are of opinion that the declarations of the servant, made in this instance in connection with the act of leaving, became part of the *res gestæ*, and are admissible as being fully within the rule applicable to cases of that character. There must, therefore, be

*Judgment on the verdict.*